UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11539-FDS

JUSTINA ROSARIO DE GONZALEZ

v.

ERIC H. HOLDER, JR., ATTORNEY GENERAL, ET AL.,

MEMORANDUM AND ORDER DENYING HABEAS
PETITION AND TRANSFERRING EMERGENCY MOTION TO
THE UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

August 20, 2012

ZOBEL, D.J.

Today, Justina Rosario De Gonzalez, an immigration detainee being held at the Bristol County Jail and House of Correction, filed an emergency motion for stay of removal and a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Docket. Petitioner is represented by counsel. For the reasons stated below, the petition is dismissed sua sponte and the emergency motion shall be transferred to the United States Court of Appeals for the First Circuit.

**I     Background**

Petitioner is a native and citizen of the Dominican Republic. Pet. ¶ 6. She was placed into removal proceedings after seeking to adjust her status to that of a lawful permanent resident by virtue of a fourteen-year marriage to a United States Citizen. Id. By Order dated February 11, 2008, petitioner was ordered removed and her request for adjustment of status and voluntary department was denied. Id. at ¶ 7. At that time, she paid her attorney $1,000 to file a timely appeal. Id. at ¶ 8. Because counsel filed her

appeal one-day late, the Board of Immigration Appeals (BIA) denied the appeal for lack of jurisdiction.  Id.  Rather than file a motion to reopen with the immigration court, counsel mistakenly filed such motion with the BIA.  Id. at ¶ 9.  The BIA denied the motion for lack of jurisdiction.  Id.

Last month, petitioner was taken into immigration custody based upon the February 11, 2008 removal order.  Id. at 11.  Petitioner retained new counsel to file the instant action.  Today, new counsel filed a motion to reopen and stay of removal with the immigration court.  Id. at 12.

## II      Discussion

Petitioner challenges her current custody and pending removal arguing that the removal order is invalid based upon ineffective assistance of counsel.  Under the REAL ID Act of 2005, Pub.L. No. 109-13, 119 Stat. 231, 302, this court is without jurisdiction to entertain a challenge to a removal order or to the execution of a removal order.  See 8 U.S.C. § 1252(a)(5) ("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . . ."); 8 U.S.C. § 1252(g) (except as provided for in the statute, "no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to . . . execute removal orders . . . .").  Judicial review of an order of removal is only available before the appropriate court of appeals.[1]  See id.

---

[1] The REAL ID Act does not preclude a district court from entertaining a habeas petition brought by an immigration detainee who claims that his detention is unlawful for reasons unrelated to the validity of a removal order or execution thereof.  See Hernandez v. Gonzales, 424 F.3d 42, 42-43 (1st Cir. 2005) (REAL ID Act did not

Because this court lacks jurisdiction to entertain a challenge to a removal order or the execution of a removal order, I must deny the petition.[2]  However, I have considered whether a transfer of the emergency motion for stay of removal to the United States Court of Appeals for the First Circuit is warranted in the interests of justice, pursuant to 28 U.S.C. § 1631 (providing that if a court lacks jurisdiction over an action, that court may transfer such action to any other court in which the action could have been brought at the time it was filed or noticed, if it is in the interests of justice, and the action shall proceed as if it had been filed on the date upon which it which it was actually filed in the transferee court).  While there are threshold issues regarding, for example, whether the dispute is ripe for judicial review, whether it has been timely presented, and whether the First Circuit would be the appropriate circuit court of appeals to address petitioner's claims, I leave those issues to the First Circuit.

---

preclude habeas review "over challenges to detention that are independent of challenges to removal orders" (quoting H.R. Cong. Rep. No. 109-72, at 2873 (May 3, 2005))).

[2]The court may review the petition to determine whether the respondent should be required to reply to the petition.  See 28 U.S.C. § 2243 (providing that, if "it appears from the application [for a writ of habeas corpus] that the applicant . . . is not entitled [to the writ]," the district court is not required to serve the petition on the respondent).  See also Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (providing that, if it "plainly appears from the face of the [habeas] petition . . . that the petitioner is not entitled to relief in the district court," the Court "must dismiss the petition").  Rule 4 may be applied at the discretion of the district court to other habeas petitions.  See Rule 1(b) of the Rules Governing Habeas Corpus Cases Under Section 2254; see also Phelps v. Reynoso, App. No. 07-1080 (1st Cir. May 16, 2007) (district court acted within its discretion by applying Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 to § 2241 petition); Boutwell v. Keating, 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) (same).

## ORDER

Based on the foregoing, the petition for a writ of habeas corpus (Docket No. 1) is DENIED and the emergency motion for stay of removal (Docket No. 2) shall be TRANSFERRED to the United States Court of Appeals for the First Circuit. This action is DISMISSED and the Clerk shall terminate all pending motions.

SO ORDERED.

 August 20, 2012                             /s/ Rya W. Zobel
DATE                                         RYA W. ZOBEL
                                             UNITED STATES DISTRICT JUDGE